# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-0970V
UNPUBLISHED

| | |
|---|---|
| NORA DEMPSEY,<br><br>    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>    Respondent. | Chief Special Master Corcoran<br><br>Filed: March 22, 2021<br><br>Special Processing Unit (SPU);<br>Ruling on Entitlement; Concession;<br>Table Injury; Tetanus Diphtheria<br>acellular Pertussis (Tdap) Vaccine;<br>Shoulder Injury Related to Vaccine<br>Administration (SIRVA) |

*Jeffrey S. Pop, Jeffrey S. Pop & Associates, Beverly Hills, CA,* for Petitioner.

*Claudia Barnes Gangi, U.S. Department of Justice, Washington, DC,* for Respondent.

## RULING ON ENTITLEMENT[1]

On July 6, 2018, Nora Dempsey filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of a tetanus vaccination administered on February 21, 2017. Petition at 1[3]. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

[3] Petitioner filed an amended petition on December 23, 2019 to allege causation-in-fact in addition to her Table claim. ECF No. 29.

On February 17, 2021, I issued Findings of Fact in which I determined that "there is preponderant evidence to establish that the onset of [Petitioner's] left shoulder pain occurred within 48 hours of the February 21, 2017 flu vaccination." ECF No. 35 at 7. In reaction, on March 18, 2021, Respondent filed an Amended Rule 4(c) Report stating (while preserving his right to appeal the February 17, 2021 Fact Finding) he does not dispute that Petitioner has satisfied all legal prerequisites for compensation under the Vaccine Act. Respondent's Rule 4(c) Report at 2-3.

Specifically, Respondent stated as follows:

Based on the Chief Special Master's fact finding, and medical record evidence submitted in this case, [the Secretary] will not continue to contest that petitioner suffered SIRVA as defined by the Vaccine injury Table . . . Therefore, based on the record as it now stands and subject to his right to appeal the Findings of Fact, respondent does not dispute that petitioner has satisfied all legal prerequisites for compensation under the Act."

*Id.* at 3.

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master