# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-0970V
UNPUBLISHED

| | |
|---|---|
| NORA DEMPSEY,<br><br>               Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>               Respondent. | Chief Special Master Corcoran<br><br>Filed: May 27, 2021<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Tetanus Diphtheria acellular<br>Pertussis (Tdap) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Jeffrey S. Pop, Jeffrey S. Pop & Associates, Beverly Hills, CA,* for Petitioner.

*Claudia Barnes Gangi, U.S. Department of Justice, Washington, DC,* for Respondent.

## **DECISION AWARDING DAMAGES**[1]

On July 6, 2018, Nora Dempsey filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of a tetanus vaccination administered to her on February 21, 2017. Petition at 1.[3] The case was assigned to the Special Processing Unit of the Office of Special Masters.

On March 22, 2021, a ruling on entitlement was issued, finding Petitioner entitled to compensation for SIRVA. On May 25, 2021, Respondent filed a proffer on award of

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

[3] Petitioner filed an amended petition on December 23, 2019 to allege causation-in-fact in addition to her Table claim. ECF No. 29.

compensation ("Proffer") indicating Petitioner should be awarded $74,821.36 (comprised of $72,500.00 in pain and suffering, and $2,321.36 in past unreimbursable expenses). Proffer at 1-2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $74,821.36 (comprised of $72,500.00 in pain and suffering, and $2,321.36) in past unreimbursable expenses) in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

                                            **s/Brian H. Corcoran**
                                            Brian H. Corcoran
                                            Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# OFFICE OF SPECIAL MASTERS

|  |  |
|---|---|
| NORA DEMPSEY, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 18-970V ) Chief Special Master Corcoran |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) (ECF) ) ) |
| Respondent. | ) ) ) |

## PROFFER ON AWARD OF COMPENSATION

On July 6, 2018, Nora Dempsey (petitioner) filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, as amended, 42 U.S.C. §§ 300aa-1 to -34, alleging that she sustained a Table left shoulder injury related to vaccine administration (SIRVA) from the flu vaccine administered to her on January 25, 2018. ECF No. 1. On July 6, 2019, respondent filed a Rule 4(c) Report seeking dismissal of the petition. ECF No. 19. On February 17, 2021, the Court issued Findings of Fact (ECF No. 35), and on March 18, 2021, respondent filed an Amended Rule 4(c) Report, stating that based on the record as it now stands and subject to his right to appeal the Findings of Fact, respondent does not dispute that petitioner has satisfied all legal prerequisites for compensation under the Act. ECF No. 36. On March 22, 2021, the Court issued a Ruling on Entitlement, finding that petitioner is entitled to compensation. ECF No. 27.

I. **Items of Compensation**

Based upon the evidence of record, respondent proffers that petitioner should be awarded $74,821.36, comprised of $72,500.00 in pain and suffering, and $2,321.36 in well-documented

past unreimbursable expenses. This award represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).[1] Petitioner agrees.

II. **Form of the Award**

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment of $74,821.36, in the form of a check payable to petitioner. Petitioner agrees.

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Acting Deputy Director
Torts Branch, Civil Division

DARRYL R. WISHARD
Assistant Director
Torts Branch, Civil Division

/s/ Claudia B. Gangi
CLAUDIA B. GANGI
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel.: (202) 616-4138
Email: claudia.gangi@usdoj.gov

Dated: May 25, 2021

---

[1] Should petitioner die prior to the entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future pain and suffering.